IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| Eric Alan Sanders,<br><br>            Plaintiff,<br><br>v.<br><br>Family Dollar Stores of South Carolina, Inc.; Dollar Tree, Inc.; Shantell Murray; Kerah Dickerson; Leeza Gonzales; and Blackville Police Department<br><br>            Defendants. | C/A No.: 1:23-cv-4460-SAL<br><br><br>**ORDER** |

      This matter is before the court for review of United States Magistrate Judge Paige J. Gossett's January 17, 2024, and April 11, 2024, reports and recommendations, each made pursuant to 28 U.S.C. § 636(b)(1)(b) and Local Civil Rule 73.02(B)(2) (D.S.C.). [ECF Nos. 33 and 48.] In the January report, the Magistrate Judge recommends the court grant defendant Blackville Police Department's motion to dismiss, ECF No. 12, and deny plaintiff Eric Alan Sanders' motions to dismiss or remand, ECF Nos. 16 and 19. [*See* ECF No. 33.] The Magistrate Judge attached to the January report a notice advising Sanders of the procedures and requirements for filing objections to the report and the serious consequences if he failed to do so. *Id.* at 8. Sanders' deadline to file objections to the report was February 5, 2024. *See id.* Sanders has not filed objections to the January report, and the time for doing so has long since expired.

      In the April report, the Magistrate Judge recommends the court dismiss Sanders' remaining claims against defendants Family Dollar Stores of South Carolina, Inc.; Dollar Tree, Inc.; Shantell Murray; Kerah Dickerson; and Leeza Gonzales for failure to prosecute. [*See* ECF No. 48.] The Magistrate Judge attached another notice concerning objections and the serious consequences that

1

could result from Sanders' failure to file objections. *Id.* at 3. Sanders' deadline to file objections to the April report was April 29, 2024. *See id.* Sanders has not filed objections to the April report, and the time to do so has expired.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The court is charged with making a *de novo* determination of only those portions of the Report that have been specifically objected to, and the court may accept, reject, or modify the Report, in whole or in part. 28 U.S.C. § 636(b)(1). In the absence of objections, the court is not required to provide an explanation for adopting the Report and must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citing Fed. R. Civ. P. 72 advisory committee's note).

Having thoroughly reviewed the reports, the applicable law, and the record of this case in accordance with the above standard, the court finds no clear error, adopts the reports, ECF Nos. 33 and 48, and incorporates them by reference herein. The court thus **GRANTS** Blackville Police Department's motion to dismiss, ECF No. 12, and dismisses Sanders' claims against Blackville Police Department; **DENIES** Sanders' motions to dismiss or remand, ECF Nos. 16 and 19; and **DISMISSES** Sanders' claims against the remaining defendants for failure to prosecute. Both dismissals are without prejudice. The court also **DENIES** the remaining motions, ECF Nos. 20 and 38, as moot.

    **IT IS SO ORDERED.**

*Sherri A. Lydon*

May 14, 2024  
Columbia, South Carolina

Sherri A. Lydon  
United States District Judge